# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELYN UHLMAN, | 1:08-cv-00223-AWI-GSA-PC |
| Plaintiff, | <u>SECOND SCREENING ORDER</u> |
| v. | ORDER DISMISSING AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND |
| SURYADEVARA, et al., | (Doc. 7.) |
| Defendants. | ORDER FOR CLERK TO SEND PLAINTIFF A § 1983 COMPLAINT FORM |
| | THIRTY DAY DEADLINE TO FILE SECOND AMENDED COMPLAINT |

**I.    RELEVANT PROCEDURAL HISTORY**

Plaintiff Jacquelyn Uhlman ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on February 13, 2008. (Doc. 1.) The Court screened the Complaint pursuant to 28 U.S.C. § 1915A and issued an order on July 23, 2009, dismissing the Complaint for failure to state a claim, with leave to amend. (Doc. 6.) On August 18, 2009, Plaintiff filed an Amended Complaint, which is now before the Court for screening. (Doc. 7.)

**II.    SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

1

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain only "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

### III.   SUMMARY OF AMENDED COMPLAINT

Plaintiff is a former state prisoner. At the time of the events at issue in the complaint, Plaintiff was incarcerated at the Central California Women's Facility ("CCWF") in Chowchilla, California. Plaintiff names as defendants Suryadevara (Chief Medical Officer), Dr. Iyer (Chief Physician), Reeves (GYN), Dr. Sakata, Robert Sillen MD, Federal Court Appointed Receiver, and Tilton (CDCA Secretary) ("Defendants").

Plaintiff alleges as follows in the Amended Complaint. Plaintiff suffered from serious abdominal pain. She was seen by Dr. Sakata who treated her with pain medication. Plaintiff also saw Dr. Reeves and made numerous visits to the prison emergency room ("ER"). Plaintiff was in excruciating pain most of the time. Once, she was refused treatment by Dr. Lawin, prison ER doctor, who stated "the problem has gone on too long," too many lawsuits, too many 602's. Plaintiff also saw Dr. Iyer in the ER who diagnosed her with diticulitis (*sic*). Another time, Plaintiff was treated by the ER doctor with constipation medication. Plaintiff was not properly diagnosed.

1    In December 2005, Plaintiff began filing prison appeals requesting to see an outside specialist
2 to discuss having a hysterectomy. Dr. Iyer refused to send her to an outside specialist and also
3 denied her ADA request, stating, "I never received a ducat." Dr. Sakata and Dr. Lawin ordered
4 numerous CT scans. Tests were repeated because of Dr. Reeves' denial that Plaintiff had a
5 gynecological problem. The CT scans and an ultrasound showed an enlarged uterus.

6    Plaintiff had follow-up visits with Dr. Reeves and Dr. Sakata. Dr. Sakata ordered lab tests
7 for tumor markers which came back high. He made an "urgent" Physician's Request for services
8 on May 5, 2008, stating he did not want to go against his superior Dr. Reeves. Dr. Reeves crossed
9 out Dr. Sakata's "urgent" request, stating that he called Dr. Iyers. Still in denial, he ordered lab tests,
10 and the tumor markers came back high.

11    Plaintiff was humiliated by other inmates because of her constant pain. She begged for pain
12 medication on a daily basis. She was called names. LVN Kelly Cluecico made phone calls on
13 Plaintiff's request to the nursing staff for a chart review so they could figure out what was wrong,
14 but they never did.

15    Plaintiff had surgery at Madera Community Hospital on June 19, 2008. Since the surgery,
16 because her uterus was pushed into the lower bowel, Plaintiff is unable to have bowel movements
17 without taking several kinds of medications. Plaintiff's condition was caused by neglect. She
18 suffered for two and a half years without diagnostic tests and was refused an outside specialist.

19    Plaintiff requests monetary damages as relief.

20 **IV.    PLAINTIFF'S CLAIMS**

21    The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the deprivation
> of any rights, privileges, or immunities secured by the Constitution .
> . . shall be liable to the party injured in an action at law, suit in equity,
> or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the

deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

### A. Personal Participation - Defendants Suryadevara, Tilton, Sillen, and Federal Court Appointed Receiver

Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of her rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Iqbal, 129 S.Ct. at 1948-49.

In the Amended Complaint, Plaintiff did not allege any facts concerning acts by defendants Survadevara, Tilton, Sillen, or the Federal Court Appointed Receiver. Therefore, Plaintiff fails to state any claim against defendants Survadevara, Tilton, Sillen, or the Federal Court Appointed Receiver .

### B. Eighth Amendment Medical Care Claim

Plaintiff alleges that Defendants failed to afford her adequate medical care for treatment of abdominal pain. "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id.

1 "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a s 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

Plaintiff alleges that she suffered from continuous excruciating abdominal pain. However, Plaintiff fails to make factual allegations demonstrating that any of the Defendants consciously disregarded an excessive risk to her health or safety. Therefore, Plaintiff fails to state a cognizable Eighth Amendment medical claim against any of the Defendants.

**C.    Exhibits**

Plaintiff submitted more than forty pages of exhibits with the Amended Complaint. With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). The Court strongly suggests to Plaintiff that they should not be submitted where (1) they serve only to confuse the record and burden the Court, or (2) they are intended as future evidence. If this action reaches a juncture at which the submission of evidence is appropriate and necessary (e.g., summary judgment or trial), Plaintiff will have the opportunity at that time to submit her evidence.

Plaintiff is cautioned that it is not the duty of the court to look through all of her exhibits to determine whether or not she has claims cognizable under section 1983. Rather, the court looks to

the factual allegations contained in Plaintiff's complaint to determine whether or not Plaintiff has stated a cognizable claim for relief under section 1983.

## V. CONCLUSION AND ORDER

The Court finds that Plaintiff's Amended Complaint fails to state any claims upon which relief can be granted under section 1983 against any of the Defendants. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires.'" The Court will provide Plaintiff with time to file a Second Amended Complaint curing the deficiencies identified above, should she wish to do so.

Plaintiff must demonstrate in the Second Amended Complaint how the conditions complained of resulted in a deprivation of her constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980), abrogated on other grounds, Elwood v. Drescher, 456 F.3d 943, 946 (9th Cir. 2006). Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of her rights. Jones, 297 F.3d at 934 (emphasis added).

Plaintiff should note that although she has been given the opportunity to amend, it is not for the purpose of adding unrelated claims. In addition, Plaintiff should take care to include only those claims for which she has exhausted her administrative remedies.

Finally, as discussed above, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

///

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a § 1983 civil rights complaint form;

2. Plaintiff's Amended Complaint, filed on August 18, 2009, is dismissed for failure to state a claim, with leave to file a Second Amended Complaint within **thirty (30) days** from the date of service of this order;

3. Plaintiff shall caption the Second Amended Complaint "Second Amended Complaint" and refer to the case number 1:08-cv-00223-AWI-GSA-PC; and

4. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

**Dated:   March 2, 2011**                          /s/ **Gary S. Austin**
                                                      UNITED STATES MAGISTRATE JUDGE